**FILED**
OCT 2 2 2003
CLERK, U.S. DISTRICT COU
SOUTHERN DISTRICT OF IO

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
DAVENPORT DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | **3  03CV80105** |
| Plaintiff, | ) ) | Civil Action No. 3~~02CV10063~~ |
| v. | ) ) | **CONSENT DECREE** |
| FIRST STUDENT, INC. | ) ) | **AND ORDER** |
| Defendant. | ) ) ) | |

This action was filed by the Equal Employment Opportunity Commission ("Commission") on September 30, 2003, pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq., and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. In its Complaint, the Commission alleges that First Student violated Title VII by subjecting Lori Clark and similarly situated employees to a sexually hostile work environment, subjecting Adil Adams Daoud and similarly situated employees to a hostile work environment based upon race and national origin, and discharging Clark for her objections to the alleged harassment.

First Student denies the EEOC's allegations.

The Commission and First Student have agreed to settle these claims in order to reach an amicable resolution of this matter and avoid further litigation. The terms of the agreement are set forth below.

3.

NOW, THEREFORE, the Court having carefully examined the terms and provisions of this Consent Decree, and based on the pleadings, record and stipulations of the parties, it is ORDERED, ADJUDGED, AND DECREED THAT:

1. This Court has jurisdiction over the subject matter of this action and over the parties for purposes of entering and enforcing this Consent Decree.

2. The terms of this Consent Decree are adequate, fair, reasonable, equitable and just.

3. This Consent Decree conforms with the Federal Rules of Civil Procedure and is not in derogation of the rights or privileges of any person. The entry of this Consent Decree will further the objectives of Title VII, and will be in the best interest of the Parties, those for whom the Commission seeks relief, and the public.

4. This Consent Decree resolves all claims arising out of the Charge of Discrimination filed by Lori Clark, Charge No. 26A-2001-1026, and Adil Adams Daoud, Charge No. 26A-2001-00258, and constitutes a complete resolution of all claims under Title VII that were made or could have been made by the EEOC in relation to the Charges. This Consent Decree does not, however, resolve any other claims or Charges that may be pending with the Commission other than the Charges specifically referred to in this paragraph.

5. This Consent Decree, the Exhibits and the Releases of the Title VII claims by Clark and Dauod comprise the full and exclusive agreement of the Parties with respect to the matters discussed herein. No representations or inducements to compromise this action have been made, other than those recited or referenced in this Consent Decree (including the Exhibits

attached hereto). This Consent Decree is final and binding upon the Parties, their successors and assigns.

## Definitions

6. "Parties" refers to the plaintiff EEOC and defendant First Student.

7. "Charging Parties" refers to Lori Clark and Adil Adams Daoud.

8. "Claimants" refers to Tamba Kumalah Marah, Leah Simmons, Tracey Voparil, Dee Seshie, Al Mazell, Theresa Finch, and Tonya Verry.

## Scope of Consent Decree

9. This Consent Decree shall be applicable to all of First Student's employees at its Iowa City facility and to all officers, managers and human resources personnel responsible for supervising the Iowa City location for three (3) years from the date of entry of this Consent Decree. During that time, this Court shall retain jurisdiction over this matter and the Parties for purposes of enforcing compliance with the Consent Decree, including issuing such orders as may be required to effectuate its purpose.

## General Injunctive Provisions

10. <u>Sexual and Racial Harassment</u>. During the term of this Consent Decree, First Student and its officers, agents, and managers (including supervisory employees), are hereby enjoined from engaging in any behavior that harasses or intimidates employees on any basis prohibited by Title VII, and will not condone and will enforce its policy of "zero tolerance" for acts of discrimination and/or harassment on the basis of race or sex.

11. <u>Retaliation.</u> During the term of this Consent Decree, First Student and its officers, agents, and managers (including supervisory employees), are hereby enjoined from taking any

adverse action or retaliation against any employee or former employee for exercising the right to oppose any practice made an unlawful employment practice by Title VII or to make a charge, testify, assist, or participate in an investigation, proceeding or hearing under 42 U.S.C. § 2000e *et seq.*

### Monetary Relief

12. Within ten days of receiving the signed Release from Clark, First Student will pay Clark eighty thousand dollars ($80,000) for alleged emotional distress damages and other compensatory damages, including injury to reputation. The check shall be mailed certified mail, return receipt requested, to Lori Clark at the address provided to First Student by the EEOC. A copy of the check shall be mailed simultaneously to the undersigned counsel for the Commission.

13. Within ten days of receiving the signed Release from Daoud, First Student will pay Daoud thirty thousand dollars ($30,000) for alleged emotional distress damages and other compensatory damages, including injury to reputation. The check shall be mailed certified mail, return receipt requested, to Adil Adams Daoud at the address provided to First Student by the EEOC. A copy of the check shall be mailed simultaneously to the undersigned counsel for the Commission.

14. Within ten days of receiving the signed Release from each individual claimant, First Student shall pay the releasing claimant five thousand dollars ($5,000) for alleged emotional distress damages and other compensatory damages, including injury to reputation. The check shall be mailed certified mail, return receipt requested, to the individual claimant at the address

provided to First Student by the EEOC. A copy of the check shall be mailed simultaneously to the undersigned counsel for the Commission.

15. Neither the Commission nor First Student makes any representations, or assumes any responsibility for any tax liability, assessments, interest, penalties and/or costs that Charging Parties or claimants may or may not incur under local, state and/or federal laws by reason of the settlement funds paid under this Consent Decree.

### Specific Non-Monetary Relief

16. <u>Neutral Reference</u>

When and if First Student is contacted by a prospective employer of Charging Parties for an employment reference, First Student shall provide a neutral reference. First Student shall not disclose to any other employer or potential employer that contacts First Student seeking a reference any facts or circumstances surrounding Charging Parties' charges or the events relating to the charges or this lawsuit. Charging Parties agree to direct any such prospective employer to contact only First Student's Director of Human Resources.

17. <u>Posting of Notices</u> Within two (2) weeks after entry of this Consent Decree, First Student shall post the notice attached as Exhibit A. The notice shall be posted in prominent and conspicuous locations where notices to employees are customarily posted in First Student's Iowa City facility, and those facilities where supervisors, mangers and human resources personnel reside who are responsible for or supervise the Iowa City location, and shall be individually distributed to First Student employees responsible for implementing aspects of this Consent Decree. The Notice shall remain posted for the duration of this Consent Decree.

17. First Student shall provide a copy of the Consent Decree to any employee who requests one.

### Dispute Resolution and Compliance

18. In the event that either party to this Consent Decree believes that the other party has failed to comply with any provision(s) of the Consent Decree, the complaining party shall notify the alleged non-complying party in writing of such non-compliance and afford the alleged non-complying party ten (10) business days to remedy the non-compliance or satisfy the complaining party that the alleged non-complying party has complied. If the alleged non-complying party has not remedied the alleged non-compliance or satisfied the complaining party that it has complied within ten (10) business days, the complaining party may apply to the Court for appropriate relief. In the event that, upon the expiration date of this Consent Decree, a dispute is pending pursuant to this paragraph, then the term of this Consent Decree shall be extended, with respect to the issue in dispute only, until such time as such dispute is resolved by the Parties or the Court.

19. First Student agrees that the Commission may review compliance with this Consent Decree. As part of such review, the Commission may inspect the premises, interview employees and examine and copy documents. The EEOC shall provide notice seven (7) days in advance of an inspection.

### Costs and Notices

20. Each Party shall bear its own litigation costs and attorneys' fees associated with this litigation, and neither Party shall seek reimbursement for any outstanding litigation costs.

21.     Except as is otherwise provided for in this Consent Decree, all notifications, reports and communications to the Parties required under this Consent Decree shall be made in writing and shall be sufficient as hand-delivered or sent by first class mail to the undersigned counsel of record.

Any party may change such addresses by written notice to the other party, setting forth a new address for this purpose. Notwithstanding the provisions for notification contained in this paragraph, the Parties may send each other such notifications, reports and communications by facsimile transmission.

SO ORDERED, ADJUDGED AND DECREED this 22nd day of October, 2003.

*(signature: Charles R Wolle)*

~~Honorable Ronald E. Longstaff~~ Charles R. Woll
S R. ~~████~~ United States District Court Judge
Southern District of Iowa

Agreed to in form and content:

FOR THE PLAINTIFF

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
310 West Wisconsin Avenue, Suite 800
Milwaukee, WI 53203

Telephone:   (414) 297-3983
Facsimile:   (414) 297-3146

_____
Jean P. Kamp

_____
Thomas A. Secrest, Esq.
Associate General Counsel
Director of Labor Relations
First Student, Inc.

_9-29-03_____
Date

_9/26/03_____
Date

## EXHIBIT A

## OFFICIAL NOTICE TO ALL THE EMPLOYEES OF FIRST STUDENT, INC.

This Notice is posted pursuant to a Consent Decree entered in a lawsuit brought by the Equal Employment Opportunity Commission ("EEOC"), entitled EEOC v. First Student, Inc, Case Number 3 03CV80105 filed in the United States District Court for the Southern District of Iowa.

By agreement of the parties and without making any determination about the merits of the case, United States District Court Chief Judge Ronald E. Longstaff has entered a consent decree which provides:

- First Student agrees to make payments specified in the Agreement.

- First Student agrees not to condone sexual harassment, race harassment or retaliation against persons who oppose such harassment and to enforce its policy of zero tolerance regarding sexual harassment, race harassment, and retaliation. In other words, First Student will not harass or retaliate against employees because they have opposed practices they believe to be discriminatory, or have participated in any manner in an investigation or court case under Title VII.

## THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE

This Notice must remain posted for three (3) years from the date shown below and must not be altered, defaced or covered by any other material. Any questions about this Notice or about First Student's compliance with its provisions may be directed to First Student Settlement, Equal Employment Opportunity Commission, 310 West Wisconsin Avenue, Suite 800, Milwaukee, WI 53203, 1-800-669-4000.

Dated: October 22, 2003

Honorable Charles R Wolle
SR. United States District Court Judge
Southern District of Iowa